

UNITED STATES DEPARTMENT OF JUSTICE

OFFICE OF THE UNITED STATES TRUSTEE

*NORTHERN DISTRICT OF ILLINOIS, REGION 11*

| | | |
|---|---|---|
| 219 S. Dearborn Street | Main | (312) 886-5785 |
| Room 873 | Fax | (312) 886-5794 |
| Chicago, IL 60604 | | |

*Via U.S. First Class Mail*

October 2, 2019

The Honorable Chief Pamela S. Hollis, U.S.B.J.
United States Bankruptcy Court
219 S. Dearborn Street
Chicago, IL 60604

    Re:    Complaint of Misconduct and Declaration of Consent
             Concerning Tom Makedonski, Esq.

Dear Chief Judge Hollis:

      Pursuant to Local Bankruptcy Rule 9029-4B, I am submitting the within complaint against Tom Makedonski, along with Mr. Makedonski's signed *Declaration of Consent* agreeing to his immediate and indefinite suspension from practice before the Bankruptcy Court pursuant to Local Rule 9029-4B(D)(1) and (2). Also attached for Your Honor's consideration are two proposed orders of suspension.

      As stated more fully in the Declaration of Consent, Mr. Makedonski engaged in a course of conduct over a period of years that violates numerous Rules of Professional Conduct.[1] Mr. Makedonski's conduct includes: (i) the filing of at least 59 false credit counseling and debtor education certificates; (ii) failing to oversee cases such that roughly 150 cases closed without his clients obtaining discharges; (iii) altering dates on declarations signed by debtors; (iv) placing debtors' signatures on and filing a fabricated written fee agreement; (v) filing at least one false Rule 2016 disclosure; and (vi) filing documents with another lawyer's CM/ECF credentials. Upon receipt of Mr. Makedonski's consent to suspension, my Office ceased further investigation into his conduct. Both Mr. Makedonski and his attorney cooperated with our investigation.

---

[1] Under Local Bankruptcy Rule 9029-4A and Local District Court Rule 83.50, the American Bar Association's Model Rules of Professional Conduct (the "RPC") are applicable to Mr. Makedonski's conduct before this Court.

### Summary of Mr. Makedonski's Conduct

Mr. Makedonski has been licensed to practice law in the State of Illinois since 2000. In 2005, Mr. Makedonski began representing debtors in chapter 7 and chapter 13 cases in the Northern District of Illinois.

In April 2019, Assistant U.S. Trustee Brief observed a hearing before Judge Barnes wherein Mr. Makedonski was the subject of a Rule to Show Cause. In that matter, the case closed without discharge due to Mr. Makedonski's failure to file debtor education certificates for the debtors. Through substitute counsel, the debtors moved to reopen their case in an effort to obtain their discharges. Mr. Makedonski failed to appear, but sent counsel to "step up" for him. At that hearing, Judge Barnes expressed concern over a number of issues, including that a significant number of Mr. Makedonski's cases over the years closed without discharge.

Thereafter, AUST Brief commenced an investigation. Based upon information obtained from various sources, it is clear that Mr. Makedonski engaged in a course of conduct that warrants his indefinite suspension for violating a number of the Illinois Rules of Professional Conduct.

#### A. Cases Closed Without Discharge

Between 2005 and 2019, Mr. Makedonski filed over 1000 bankruptcy cases. During that time, roughly 150 cases closed without debtors obtaining discharges. A number of those debtors have since reopened their cases to complete the requirements to obtain discharges, presumably having had to pay substitute counsel to do so.

According to his own records, Mr. Makedonski identified 93 cases between 2005 and 2018 that closed prior to the entry of discharges due to debtors' failure: (i) to file credit counseling or debtor education certificates and/or the accompanying Official Form 423, (ii) to appear for their Section 341(a) meetings, or (iii) to file documents required by Section 521 of the Bankruptcy Code. Our research returned a substantially similar figure.

In many, if not most of those instances, the debtors' failure to obtain discharges resulted from Mr. Makedonski's failure to properly communicate the requirements to (i) comply with Section 521; (ii) appear for a Section 341(a) meeting; (iii) to complete the required debtor education course and to provide the related documentation for filing, and from his failure to adequately monitor cases to ensure compliance and necessary follow-up.

In his Declaration of Consent, Mr. Makedonski acknowledged that his conduct in this regard violated numerous Illinois Supreme Court Rules of Professional Conduct ("RPC"), including (i) RPC 1.1 [Competence]; (ii) RPC 1.3 [Diligence]; (iii) RPC 1.4 [Communication]; (iv) RPC 3.2 [Expediting Litigation]; and (v) RPC 8.4(a) & (d) [Misconduct].

## B. *Filing Falsified Credit Counseling and Debtor Education Certificates*

Early in our investigation, we obtained information and documents related to Mr. Makedonski's conduct in representing Darlene and Salvatore Dragotta, Case No. 18-01415. Among other things described more fully in Section C below, the documents revealed that Mr. Makedonski instructed the debtors that he would complete the credit counseling course for them.

Based upon that revelation, we sampled the authenticity of credit counseling and debtor education certificates from a number of Mr. Makedonski's cases, and concluded that in the cases tested, Mr. Makedonski filed 59 falsified certificates. More specifically,[2]

a. Of the 43 debtor education certificates allegedly issued by BE Advisor, Mr. Makedonski filed 19 falsified certificates, including one which was used for two different debtors.

b. Of the 44 credit counseling certificates allegedly issued by Abacus Credit Counseling, Mr. Makedonski filed 39 falsified certificates, and he altered the date on one valid certificate.

The U.S. Trustee believes that Mr. Makedonski falsified the certificates himself. However, in his Declaration of Consent, Mr. Makedonski claims that an employee under his supervision falsified the certificates. In either case, such conduct implicates RPCs: (i) RPC 3.3 [Candor Toward the Tribunal]; (ii) RPC 4.1 [Truthfulness in Statements to Others]; (iii) 5.3(b) [Responsibilities Regarding Non-lawyer Assistance], and (iv) RPC 8.4(a) through (d) [Misconduct].

## C. *Mr. Makedonski's Conduct in the Dragotta Case*

Through counsel, the Dragottas provided copies of their text message communications with Mr. Makedonski (and his wife Natasha Makedonski, who practiced with him for a period of time), other documents relating to their case and sworn affidavits attesting to certain facts about Mr. Makedonski's conduct.[3]

In his Declaration of Consent, Mr. Makedonski admitted to certain actions that violated the Illinois RPC, but claims he took such action with the debtors' knowledge. The Dragottas' Affidavits contradict Mr. Makedonski's contentions in this regard.

Below is a more exhaustive list of Mr. Makedonski's conduct just from one case that highlights the need for this attorney to be suspended:

- Mr. Makedonski never met with the Dragottas, and communicated with them only by by telephone, text and fax;

---

[2] *Attachment 1* is a table of those findings.

[3] *Attachment 2* is a true and correct copy of the information and documentation provided by the Dragottas through their attorney Arthur Corbin.

3

- Mr. Makedonski altered dates on signature pages without the Dragottas' knowledge or consent;

- Mr. Makedonski failed to timely file their case even after the Dragottas produced the required information and made payment for services and fees in October 2017, and even as they continued to provide Mr. Makedonski with information about creditors filing complaints against them and continued efforts by collection agencies;

- Mr. Makedonski advised the Dragottas they did not have to take the credit counseling class and warned them not to speak of this: "I'll take care of it...Just don't say I did" (*see* Attachment 2 – pg. 49);

- Mr. Makedonski lied to the Dragottas in numerous texts about when their case would be filed and about a reaffirmation agreement for their vehicle;

- Mr. Makedonski also lied to the Dragottas about why their case was dismissed: "Actually it is my fault for offering to do those two classes at the end for you guys the company usually filed them now they didn't this time so it cost me believe me that will never happen again with anyone" (*see* Attachment 2 – pg. 75);

- When the Dragottas expressed frustration with Mr. Makedonski's failure to move their case along, Mr. Makedonski responded in part by saying that "As far as taking me down you won't and if you cause trouble you make it worst be cause it's your responsibility to take the class and get it to me I only said I would file it" (*see* Attachment 2 – pg. 97) and "So keep up the threats" (*see* Attachment 2 – pg. 99);

- Mr. Makedonski may not have been in good standing with the State of Illinois during his representation of the Dragottas (*see* Attachment 2 – pg. 114);

- Mr. Makedonski used his wife Natasha Makedonski's CM/ECF filing credentials to file the Dragottas' case. When Mr. Makedonski refused to respond to their inquiries, Mrs. Dragotta contacted Ms. Makedonski to discuss the case. Ms. Makedonski "...told [Mrs. Dragatta] to leave her alone and said that we can't do anything to her so stop calling her," (*see* Attachment 2 – pg. 114). Mr. Makedonski then told Mrs. Dragotta, "...to leave his wife alone and he laugh as he told me that there's nothing I can do to him or his wife" (*see* Attachment 2 – pg. 115);

- Mr. Makedonski placed the Dragottas' signatures on a written fee agreement that was never presented to them and filed it with the Bankruptcy Court; and

- Mr. Makedonski inaccurately reported the amount and source of fees on his Rule 2016 disclosure.

In his Declaration of Consent, Mr. Makedonski admitted that his conduct violated: (i) RPC 1.1 [Competence]; (ii) RPC 1.4 [Communication]; (iii) RPC 3.2 [Expediting Litigation];

4

(iv) RPC 3.3 [Candor Toward the Tribunal]; (v) RPC 4.1 [Truthfulness in Statements to Others]; and (vi) RPC 8.4(a) through (d) [Misconduct].

### D. Conclusion

Mr. Makedonski's conduct is detrimental to the bankruptcy system. In accordance with Local Rule 9029-4B(D)(2), Mr. Makedonski should be immediately and indefinitely suspended.

Respectfully,

PATRICK LAYNG
Digitally signed by PATRICK LAYNG
Date: 2019.10.02 16:09:32 -05'00'

Patrick S. Layng
United States Trustee

Encls.