UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | DISCIPLINARY PROCEEDING UNDER |
| | ) | LOCAL BANKRUPTCY RULE 9029-4B(D) |
| TOM MAKEDONSKI, ESQ., | ) | |
| | ) | |
| | ) | |

TOM MAKEDONSKI, ESQ.'S DECLARATION OF CONSENT
PURSUANT TO LOCAL BANKRUPTCY RULE 9029-4B(D)(1)

I, TOM MAKEDONSKI, have read and reviewed this *Declaration of Consent Pursuant to Local Bankruptcy Rule 9029-4B(D)(1)* with counsel of my choosing, understand the consequences of signing it, and freely and voluntarily submit this Declaration in support of my indefinite suspension from the practice of law before the Bankruptcy Court for the Northern District of Illinois.

**I acknowledge and admit all the contents of all the following paragraphs:**

1. In or about April 2019, the United States Trustee ("UST") commenced an investigation into my conduct as debtors' counsel. I and my attorney cooperated fully with the UST's investigation.

*A. Cases closed without discharge*

2. Between 2005 and 2019, I filed over 1000 consumer bankruptcy cases under chapters 7 and 13 of the Bankruptcy Code. During that time period, roughly 150 cases were closed without debtors having been granted discharges. In certain instances, the affected debtors have since reopened their cases to complete the requirements to obtain a discharge.

3. However, based upon my records, a total of 93 cases between 2005 and 2018 were closed without discharges having been granted due to debtors' failure (i) to file debtor

1

education certificates and/or the accompanying Official Form 423, (ii) to appear for their Section 341(a) meetings of creditors, or (iii) to file documents required by Section 521 of the Bankruptcy Code. To date, those affected debtors have not been granted discharges. The UST's research returned substantially similar figures.

4. In many, if not most of those instances, the debtors' failure to obtain discharges resulted from my failure to properly communicate the requirements to file schedules and statements, to appear for a Section 341(a) meeting and to complete the required debtor education course and provide the related documentation for filing, and from my failure to adequately monitor their cases to ensure compliance and to follow-up when necessary, even though debtors are reminded that a second debtor education course is required after the completion of a first course and even though the court sends each debtor a notice of non-completion of the second course.

5. I acknowledge that my conduct violates the following Illinois Supreme Court Rules of Professional Conduct ("RPC"): (i) RPC 1.1 [Competence]; (ii) RPC 1.3 [Diligence]; (iii) RPC 1.4 [Communication]; (iv) RPC 3.2 [Expediting Litigation]; and RPC 8.4(a) & (d) [Misconduct].

### B. *Filing Falsified Credit Counseling & Debtor Education Certificates*

6. I acknowledge that in many cases, including those detailed herein, I filed with the Bankruptcy Court falsified credit counseling and debtor education certificates. I also filed false documents wherein debtors certified that they took the respective courses.

7. The UST alleges that I falsified numerous certificates and filed same with the Bankruptcy Court. The UST sampled the validity of credit counseling and debtor education certificates that I filed, and I acknowledge that the UST's findings include the following:

    a.     Of the 43 debtor education certificates allegedly issued by BE Advisor that I filed, 19 were falsified, including one which was used for two different debtors.

    b.     Of the 44 credit counseling certificates allegedly issued by Abacus Credit Counseling that I filed, 39 were falsified, and I altered the date on one valid certificate.

8.     I acknowledge that if the UST allegations were proven at trial, that my conduct would violate the following Illinois Supreme Court Rules of Professional Conduct ("RPC"): (i) RPC 3.3 [Candor Toward the Tribunal]; (ii) RPC 4.1[Truthfulness in Statements to Others]; and (iii) RPC 8.4(a) through (d) [Misconduct].

9.     While I acknowledge that the above-referenced certificates that I filed were falsified, my position is that my employee named Boyan Georgiev was the one who falsified the certificates. I did not properly supervise my employee to ensure that his conduct was compatible with my professional obligations as an attorney. I acknowledge that my conduct in that regard violates Illinois Supreme Court Rules 5.3(b) [Responsibilities Regarding Non-lawyer Assistance] and (c) and 8.4(a) through (c) [Misconduct].

### C. *Conduct in Connection with Representation of Darlene & Salvatore Dragotta, Case No. 18-01415*

10.     On January 17, 2018, I filed a petition on behalf of Darlene and Salvatore Dragotta. Prior to filing the petition, I never met with either debtor in person. Rather, I communicated with them solely by email and text.

11.     On April 24, 2018, the Dragottas' case was closed without the granting of a discharge due to their failure to provide debtor education certificates.

12.     I have been advised by the UST that the Dragottas thereafter sought assistance from the Help Desk to reopen their case to obtain their discharges, and that in so doing, met with a volunteer attorney named Arthur Corbin, Esq. Mr. Corbin relayed information and

3

documentation from the Dragottas about their case to Assistant U.S. Trustee Adam Brief. Those documents included Affidavits attesting to certain facts relating to their case.

13. I admit that if called to testify, the Dragottas would testify as to the facts as stated in the Dragottas' Affidavits, as well as other facts related to my conduct in connection with their representation, including the following:

   a. I instructed the Dragottas that I would take the credit counseling course for them, and that they should conceal that fact if asked by the Trustee at the Section 341(a) meeting.

   b. I falsified credit counseling certificates filed with the Bankruptcy Court in the Dragottas' case.

   c. Without the Dragottas' knowledge or consent, I altered the dates on the signatures pages for their petition, schedules and statements that I filed with the Bankruptcy Court.

   d. Without the Dragottas' knowledge or consent, I placed the Dragottas' signatures on a fabricated written fee agreement and I filed it with the Bankruptcy Court.

   e. In a series of text messages with Ms. Dragotta concerning the progress of their case, I was dishonest about the timing of when the case was filed and about the status of the reaffirmation of their vehicle.

   f. My Rule 2016 disclosure was false with respect to the amount of funds received and the source of funds, although I attribute this to a clerical error with my software

   g. If called to testify, I would state that with regard to the credit counseling course stated above and the alleged falsified certificates, signatures, and dates that these were done with the knowledge and at the request of Mrs. Dragotta as she indicated to me that she needed help because she had no access to a computer or a fax.

14. I acknowledge that my conduct violates the following Illinois Supreme Court Rules of Professional Conduct ("RPC"): (i) RPC 1.1 [Competence]; (ii) RPC 1.4 [Communication]; (iii) RPC 3.2 [Expediting Litigation]; (iv) RPC 3.3 [Candor Toward the

4

                        Document      Page 5 of 5

Tribunal]; (v) RPC 4.1[Truthfulness in Statements to Others]; and (vi) RPC 8.4(a) through (d) [Misconduct].

Dated:                                              *Tom Makedonski*
                                                    TOM MAKEDONSKI